**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SARAH PADILLA, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 1:14-cv-2556 -RBJ-CBS |
| ACS RECOVERY INC.; MATTHEW CLASS; and DOE 1-5 | ) |
|     Defendants. | ) |

**FIRST AMENDED COMPLAINT**
(Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

**PARTIES**

3. Plaintiff, Sarah Padilla (hereinafter "Plaintiff" or "Mrs. Padilla"), is a natural person residing in Edgewater, Colorado. Defendant ACS RECOVERY INC. is a New York corporation with a principle place of business at 5720 Tonawanda Creek in Lockport, New York.

2

Case 1:14-cv-02556-RBJ-CBS   Document 20   Filed 01/21/15   USDC Colorado   Page 2 of 5

MATTHEW CLASS is the chief executive officer of ACS RECOVERY INC., a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action stated herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. ACS RECOVERY INC., MATTHEW CLASS, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Mrs. Padilla.

8. In mid-2012 Defendants began leaving voicemail messages for Mrs. Padilla on her mother's home phone number.

9. Defendants repeatedly left the same voicemail message for Mrs. Padilla, the content of which is as follows: "You have an important legal matter in our office and we need a statement from you today. Failure to contact our office today will result in a statement being provided for you and we will continue our legal proceedings. You may press zero to be

3

connected to an agent immediately or you can call our office at 866-850-3712.  Again this is an important and confidential message for Sarah Meier, account number 1371178.  You have an important legal matter in our office and we need a statement from you today.  Failure to contact our office today will result in a statement being provided for you and we will continue our legal proceedings.  You may press zero to be connected to an agent immediately or you can call our office at 866-850-3712.  This is an attempt to collect a debt.  Any information will be used for that purpose."

10. Defendants continued to call and leave the messages on Mrs. Padilla's mother's home phone number through March 28, 2014.  Mrs. Padilla does not reside with her mother. Mrs. Padilla's mother would advise Mrs. Padilla of the messages and forward them to her.  Mrs. Padilla never authorized Defendants to discuss her alleged debt or otherwise communicate with her mother or any other third-party.

11. Increasingly concerned and harassed by Defendants' calls, Ms. Padilla retained counsel with Centennial Law Offices.

12. As a direct result of the collection activity herein alleged, Ms. Padilla incurred legal fees of $2,555.00.

## CAUSES OF ACTION

### COUNT I

13. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) with regards to

Plaintiff as follows: Defendants failed to provide meaningful disclosure of their identity in their telephone messages to Plaintiff.

## COUNT II

14. Plaintiff re-alleges paragraphs 1 through 12, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(b) by communicating, in connection with the collection of a debt, with a third-party without Plaintiff's consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,555.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  January 15, 2015

s/Robert Amador

_____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff SARAH PADILLA
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com